FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2017 MAR 29  PM 3: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

CLESTER MATTHEWS,

Case No. 3:17-cv-354-J-34JBT

Plaintiff,

v.

PARTH LANE, INC. d/b/a
MINIT MART,

Defendant(s).

_____/

**COMPLAINT**

(Injunctive Relief Demanded)

Plaintiff, CLESTER MATTHEWS, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sue the Defendants, PARTH LANE, INC. d/b/a MINIT MART, a Florida corporation for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident that lives in Duval County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff, Clester Matthews is an individual with disabilities, who has limited use of his hands and has been confined to a wheelchair as his sole mobility device since 2013.

2. Plaintiff was on his way home from his dialysis center and made a stop at the Minit Mart where he encountered accessibility barriers. During this visit, the Plaintiff entered wanting to use the restroom facility only to encounter, a barrier, a doorway too narrow to gain entrance with his wheelchair. Plaintiff purchased a soda and chips and left the

property. As a result of this experience Mr. Matthews was humiliated and became depressed due to what he believes is intentional discrimination against individuals with disabilities.

3.  Defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, lease or leases to is known as Minit Mart and is located in the County of Duval.

4.  Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.  As the owner, lessor, lessee, or operator of the subject premises, Defendants are required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

7.  Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible.

Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

8.     A preliminary inspection of Minit Mart has shown that violations exist. These violations include, but are not limited to:

**General**

a.     The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

b.     The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Parking and Loading zone**

c.     The facility also fails to maintain proper signage for all accessible parking spaces in violation of Section 502.6, of the new ADAAG and 4.6.4 old, of the whose resolution is readily achievable.

**Accessible Routes**

d.     The facility fails to provide the most accessible route from the access aisle that complies with the ADAAG Section 502.3 and 208.3.1 of the new, whose resolution is readily achievable.

e.     The facility fails to provide a ramp surface which must be stable, firm and slip-resistant in violation of Section 405.4 of the new ADAAG, whose resolution is readily achievable.

**Restrooms**

f.     The facility fails to provide required rear grab bars in the restroom in violation of
       Sections 604.5.2 and 609.4 of the new ADAAG and 4.17.6 old, whose resolution is
       readily achievable.

g.     The facility fails to provide required side grab bars in the restroom in violation of
       Sections 604.5.1 and 609.4 of the new ADAAG and 4.17.6 old, whose resolution is
       readily achievable.

h.     The facility fails to provide an accessible route and maneuvering clearance for a front
       approach door, violating Section 206.2.4 and 404.2.4 of the new ADAAG, whose
       resolution is readily achievable.

i.     The facility fails to provide signage, violating Section 703.5, 703.2, 703.3, 703.4.2,
       703.4.1 of the new ADAAG, whose resolution is readily achievable.

j.     The size and arrangement of the toilet stall provide by the facility is insufficient and
       fails to meet the requirements of the new ADAAG, Sections 603.2.1, 603.2.3, 604.3.1,
       and 4.17.3 old, whose resolution is readily achievable.

k.     There is insufficient access to all essential parts of the of the restroom, required by
       Section 604.8.1.1 and 604.8.1.2 of the new ADAAG and 4.16.5 old, whose resolution is
       readily achievable.

l.     The restroom wall has improper hardware for disabled persons, in violation of
       Section 404.2.7 of the new ADAAG and 4.13.9 old, whose resolution is readily
       achievable.

m.     The dispensers provided by the facility fail to meet the requirements of the of the
       ADAAG Section 308.2.2, new and 4.19.6 old, whose resolution is readily achievable.

n.     The bathroom fixtures provided by this facility do not meet all the requirements of
       the ADAAG Section 606.4, new and 4.18.2 old, whose resolution is readily
       achievable.

o.     The single user water closet provided by this facility do not meet the requirements of the
       new ADAAG Sections 604.2, 604.3.1 and 604.4, whose resolution is readily achievable.

p.     The facility fails to meet the mounting height of the mirror in the restroom, violating
       Section 603.3 of the new ADAAG, whose resolution is readily achievable.

9.     Plaintiff has visited the property which forms the basis of this lawsuit and plans to
       return to the property to avail himself of the goods and services offered to the public

at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminates against him on the basis of his disability.

10. The violations present at Defendants facility, create a hazard to Plaintiffs' safety.

11. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist, unless he was willing to suffer additional discrimination.

12. The violations present at Defendants facility infringe Plaintiffs' rights to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to the Plaintiffs' sense of isolation and segregation and deprives the Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendants deprives the plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit Minit Mart not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others in similar situation will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendants have discriminated against the Plaintiff by denying his access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.  Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Minit Mart to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a.  The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.  Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to ensure that such measures are taken that may be necessary to safeguard that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.
     § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under
     Title III of the Americans with Disabilities Act.

Respectfully Submitted,
Attorney for Plaintiff

By:
Robert Gibson, Esq.
Fla Bar No. 0054998
The Law Office of Robert Gibson
A Professional Association
9408 Arlington Expressway
Jacksonville, Fl. 32225
Office: 904-723-0001
Fax: 1-877-978-9797
Email: Contact@4lawdoc.com

7